**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5071-15T1

MICHAEL MASSARO,

    Appellant,

v.

PUBLIC EMPLOYEES' RETIREMENT
SYSTEM,

    Respondent.

_____

    Submitted August 8, 2017 — Decided December 4, 2017

    Before Judges Sabatino and O'Connor.

    On appeal from the Board of Trustees of the
    Public Employees' Retirement System, Docket
    No. PERS #2-10-281668.

    William B. Hildebrand, attorney for
    appellant.

    Christopher S. Porrino, Attorney General,
    attorney for respondent (Melissa H. Raksa,
    Assistant Attorney General, of counsel; Paul
    Davis, Deputy Attorney General, on the
    brief).

PER CURIAM

Petitioner Michael Massaro appeals from the Public Employees' Retirement System Board of Trustees' final administrative determination he is not entitled to receive ordinary disability retirement benefits.  We affirm.

After working as a probation officer in various capacities for the New Jersey Office of Probation Services for approximately fifteen years[1], petitioner, then seventy years of age, applied for ordinary disability retirement pursuant to N.J.S.A. 43:15A-42.  This statute provides an eligible member is entitled to ordinary disability retirement benefits if he or she is physically or mentally incapacitated from performing his job duties.  Ibid.  The Board of Trustees denied petitioner's application because he did not meet the latter standard.

Petitioner filed an administrative appeal, and the Board of Trustees referred the matter to the Office of Administrative Law for a hearing before an administrative law judge (ALJ).  During that hearing, petitioner testified he suffered from various afflictions he claimed were disabling. These included herniated disks, hypertension, hypothyroidism, an enlarged prostate, gastroesophageal reflux disease, tinnitus, and emotional stress.

---

[1]    Before he commenced working as a probation officer in New Jersey, petitioner was a probation parole officer for the Philadelphia Probation Office for thirty years.

Petitioner called his treating physician, Thomas Hanley, M.D., a board certified family practitioner, to corroborate his testimony and establish his entitlement to ordinary disability benefits. Hanley opined petitioner's health conditions kept him from meeting his job requirements because,

> at certain times, the pain that [petitioner] was in, the medicines he was taking and . . . certainly the stress both on the job and at home, along with his . . . high level of commitment to the job [made him feel] as though he could [not] do the job as well as he felt it was necessary.

Hanley stated petitioner's disability was a combination of all of his afflictions, but his back condition was a "significant aggravating factor."

Hanley testified petitioner was first diagnosed with herniated disks in 2008, for which he received injections into the afflicted area of the spine, participated in physical therapy, and took pain medication. In 2013, petitioner again complained of back pain, but Hanley conceded there were no objective findings to corroborate petitioner's complaints of pain and, other than taking pain medication as needed, petitioner had not had any treatment to his back since 2008.

PERS presented the testimony of board certified orthopedic surgeon Arnold Berman, M.D., who opined there was no objective evidence petitioner ever had a herniated disk or any back

3

condition that accounted for his complaints of back pain in 2013. Berman also noted there was no change in any of the radiologic findings between 2008 and 2013, indicating there was no progressive loss of function over such time period.

Based on his review of the evidence, the ALJ rejected Hanley's opinion petitioner suffered from an orthopedic ailment which incapacitated him from performing his job duties, because such opinion was not based upon objective findings. The ALJ credited Berman's opinion, and further determined there was insufficient evidence petitioner's non-orthopedic ailments precluded him from working.

Petitioner filed exceptions to the ALJ's decision. PERS adopted the ALJ's recommendation and reaffirmed the PERS Board's determination petitioner was not entitled to receive ordinary disability retirement benefits. This appeal ensued.

Petitioner argues PERS erred in denying his application for ordinary disability retirement benefits because the ALJ failed to: (1) give sufficient weight to Hanley's opinion petitioner is totally and permanently disabled; (2) recognize petitioner's pain and stress prevented him from performing his normal job functions; and (3) consider petitioner's extensive medical history.

4

The scope of our review in an appeal from a final decision of an administrative agency is strictly limited. <u>Circus Liquors, Inc. v. Governing Body of Middletown Twp.</u>, 199 <u>N.J.</u> 1, 9 (2009). When reviewing a final decision of an administrative agency, we consider whether there is sufficient credible evidence to support the agency's factual findings. <u>Clowes v. Terminix Int'l, Inc.</u>, 109 <u>N.J.</u> 575, 587 (1988). In doing so, we give "due regard to the opportunity of the one who heard the witnesses to judge of their credibility[.]" <u>Ibid</u>. (quoting <u>Close v. Kordulak Bros.</u>, 44 <u>N.J.</u> 589, 599 (1965)). We must sustain the agency's action in the absence of a "'clear showing' that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record[.]" <u>Circus</u>, <u>supra</u>, 199 <u>N.J.</u> at 9.

In order to qualify for ordinary disability retirement benefits under <u>N.J.S.A.</u> 43:15A-42, a member of PERS must establish by a preponderance of the credible evidence that he or she is physically or mentally incapacitated from performing his or her duties. The member must establish an incapacity to perform duties in the general area of his or her ordinary employment, rather than merely show an inability to perform his or her specific job. <u>Bueno v. Bd. of Trustees, Teachers' Pension & Annuity Fund</u>, 404 <u>N.J. Super.</u> 119, 130-31 (App. Div. 2008), <u>certif. denied</u>, 199 <u>N.J.</u> 540 (2009).

5

Having considered petitioner's arguments in light of the record and our standard of review, we conclude PERS' decision is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). PERS adopted the ALJ's findings of fact, which were based on his assessment of the expert testimony presented by Dr. Hanley and Dr. Berman. We must give appropriate deference to the ALJ's and PERS' findings where, as here, those findings are based on sufficient credible evidence in the record. In re Taylor, 158 N.J. 644, 658-59 (1999). Petitioner's arguments are without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5071-15T1